THE CHANCELLOR DEVELOPMENT CORPORATION, RE-
LATOR, v. WILLLIAM H. SENIOR, INSPECTOR OF
BUILDINGS, ETC., ET AL., RESPONDENTS.

Decided June 26, 1926.

Zoning—Amendment of 1926 Makes Board of Adjustment a
Tribunal of Review, With Power to Determine on Appeal
Whether the Particular Location of the Building is a Public
Menace—This is a Question of Fact—Having Heard Testi-
mony, Board Has Decided That it is, Its Decision Not Being
Based Solely on the Ordinance—Whether This Finding is
Justified is a Question of Fact; if There is no Evidence to
Sustain it, it Cannot Stand—Case Not One for Mandamus
but for Certiorari to Review Action of Board.

On application for alternative writ of *mandamus*.

For the relator, *Philip J. Schotland.*

For the respondents, *George S. Harris.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. I think the application should
be denied. The legislature, by this amendatory statute of
1926, has created this board of adjustment a tribunal of re-
view, and has vested in it the power to determine on the
appeal of the property owner whether this particular build-
ing, located in this particular place, is a public menace to
the health, welfare or safety of the community. That is a
fact which it is to determine, after hearing testimony. It
has heard testimony and has determined that it is, accord-
ing to the reading of the report made by the board, its
decision not being based solely upon the ground that it
violates the ordinance, but that this building, located in this
place, will be a public menace. Now, whether that finding
is justified by the proofs before it is a question of fact. If
there is no evidence to sustain it, it cannot stand. If it is

justified by the proofs before the board, that would be the end of the relator's alleged right to a permit.

This seems to me not to be a case for an alternative writ for the purpose of reviewing the action of the inspector, but for a *certiorari* to review the action of the board of adjustment.