PARAMOUNT REALTY AND CONSTRUCTION COMPANY, INCORPORATED, A CORPORATION, RELATOR, v. GEORGE F. SCHMITT, BUILDING SUPERINTENDENT OF THE TOWN OF IRVINGTON, AND THE TOWN OF IRVINGTON, RESPONDENTS.

Argued October 5, 1926—Decided January 25, 1927.

Zoning—Stores and Apartment-Houses in Residence District— Appeal to Board of Zoning Appeals, Who Refused to Hear the Merits of the Case, Disclaiming Jurisdiction—Board Should Have Heard Appeal—If it Refuses Again, Court is Open to. Application For Mandamus.

On rule to show cause why writ of *mandamus* should not issue.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Cohen & Klein.*

For the respondents, *Charles H. Stewart.*

PER CURIAM.

This is a zoning case. Relator's property is on the northwest corner of Sanford and Clinton avenues, in Irvington, Essex county, in a district zoned as "Residence A." The proposed building would have stores on the ground floor and apartments above, and is barred by the ordinance.

Relator contracted to buy the property on March 3d, 1926, but did not get a deed till June 1st, or thereabouts. On May 28th, plans were submitted to the building inspector and rejected by him because of the zoning ordinance. Relator then, through its representatives, appeared before the board of zoning appeals, and desired to argue the merits of the appeal, but was not allowed to do so, the testimony indicating that the board disclaimed jurisdiction to hear such appeals except in certain cases provided in the ordinance. Relator now asks a *mandamus* to issue a permit to build.

We think it is not entitled to it at this time, on the authority of *Chancellor Development Corp.* v. *Senior,* 4 *N. J. Mis. R.* 633; 134 *Atl. Rep.* 337. It is true that the zoning board declined to hear the appeal, but in that it either ignored or was unaware of the act of 1926, page 526, and so disregarded its plain duty. The appeal should be presented to it again and determined according to the facts as developed on the evidence. Should the board after these suggestions again refuse to hear the merits of the appeal, this court is open to an application for *mandamus* to compel it to perform its duty in the premises.

The present rule to show cause will be discharged.